NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
**FILED**
JUN 1 5 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 06-CV-98-JMH

RODNEY DUTRA                                                                      PETITIONER

VS:              **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA                                            RESPONDENT

      Rodney Dutra, who is currently incarcerated in the Cardinal Unit of the Federal Medical Center in Lexington, Kentucky, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 [Record No. 1]. The petitioner named the United States of America as the respondent. The petitioner did not submit either the filing fee of $5.00 or the documents necessary to apply for *in forma pauperis* status as required by 28 U.S.C. §1915(a)). The petitioner also failed to provide the Court with documentation supporting his claim that he had fully exhausted his Bureau of Prisons ("BOP") administrative remedies.

      Accordingly, on May 10, 2006, the Court entered a "Deficiency Order" [Record No. 2]. In that Order, the Court instructed the petitioner to provide the Court with: (1) an affidavit of assets/*in forma pauperis* application and a completed Certificate of Inmate Account Form; and (2) documentation that his BOP administrative remedies either were not available or that they had been exhausted at all levels.

      The Court clearly advised the petitioner that if he failed to comply within 30 days, the Court would dismiss the petition for want of prosecution [*Id.*, ¶ 2]. The "Deficiency Order" also stated that if the Court dismissed the petition on these grounds, it would not be reinstated to this

Court's active docket despite the subsequent payment of the filing fee [*Id.*]. The record reflects that on May 10, 2006, the Clerk of the Court mailed a copy of the "Deficiency Order" to the petitioner at his address at FMC-Lexington [*See Id.* (Attachment: Clerk's Notation)].

There is no indication in the record that the copy of the "Deficiency Order," which the Clerk of the Court mailed to the petitioner on May 10, 2006, was returned to the Court as "Undeliverable" for any reason. The petitioner has neither responded to the "Deficiency Order" nor requested an extension of time in which to do so.

The lenient treatment generally accorded to *pro se* litigants has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (dismissal of *pro se* complaint was appropriate where plaintiff failed to respond to defendants' Rule 12(c) motion *when ordered to do so by magistrate judge*) (emphasis added); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (a *pro se* litigant is not afforded special consideration for failure to follow readily comprehended court orders). The petitioner bears some responsibility in pursuing his claims in timely fashion. His failure to respond to the "Deficiency Order" is an abandonment of his claims. The Court will dismiss the petition, without prejudice, for want of prosecution.

## CONCLUSION

Accordingly, **IT IS ORDERED** that this action is **DISMISSED**. Judgment shall be entered contemporaneously with this memorandum opinion in favor of the named respondent.

This the 15th day of June, 2006.

JOSEPH M. HOOD, CHIEF JUDGE

2